1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   TERRENCE LAMONT DAVIS,                    No. 2:11-cv-1027 TLN CKD P

11          Plaintiff,

12      vs.

13   SACRAMENTO COUNTY JAIL, et al.,           ORDER SETTING
                                               SETTLEMENT CONFERENCE
14          Defendants.
                                               October 10, 2013 at 1:00 p.m.
15   _____/

16        Plaintiff is a state prisoner proceeding pro se in a an action for violation of civil rights

17   under 42 U.S.C. § 1983.  This case has been selected by the court for inclusion in the Prisoner

18   Settlement Program.  Therefore, this case will be referred to Magistrate Judge Craig M. Kellison

19   to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento,

20   California 95814 in Courtroom #9 on October 10, 2013 at 1:00 p.m.

21        A separate order and writ of habeas corpus ad testificandum will issue concurrently with

22   this order.

23        In accordance with the above, IT IS HEREBY ORDERED that:

24        1.  This case is set for a settlement conference before Magistrate Judge Craig M.

25   Kellison on October 10, 2013, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento,

26   California 95814 in Courtroom #9.

2.  A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3.  Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4.  Judge Kellison or another representative from the court will be contacting the parties either by telephone or in person, approximately one week prior to the settlement conference to ascertain each party's expectations of the settlement conference.

Dated: August 28, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/sp
davi1027.med

---

[1]  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).